[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14974
Non-Argument Calendar
_____

Agency No. A041-464-970

CHRISTOPHER ALPHONSO BENJAMIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 10, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Alphonso Benjamin, proceeding pro se, seeks review of the

Board of Immigration Appeals' ("BIA") final order affirming the Immigration

Judge's ("IJ") order finding him removable and ineligible for derivative

citizenship.  On appeal, Benjamin argues that: (1) the BIA incorrectly determined that he did not qualify for derivative citizenship; and (2) the BIA incorrectly determined that he was removable for having been convicted of an aggravated felony offense.  After careful review, we deny the petition.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision.  Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Where the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  We review legal issues de novo, giving deference to the BIA's interpretation of the immigration laws and regulations.  Tovar v. U.S. Att'y Gen., 646 F.3d 1300, 1303 (11th Cir. 2011).  We will defer to the BIA's interpretation if it is reasonable.  Id.  We will not defer to the BIA's decision if it does not rely on existing BIA or federal court precedent; rather, we view such decisions as persuasive authority.  Id.  We will also defer to the BIA's interpretation of an ambiguous immigration statute as long as the interpretation is reasonable and does not contradict the clear intent of Congress.  Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984).  We review de novo whether a prior conviction qualifies as an aggravated felony.  Accardo v. U.S. Att'y Gen., 634 F.3d 1333, 1335 (11th Cir. 2011).  While we read briefs filed by pro se litigants

2

liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

First, we are unpersuaded by Benjamin's claim that the BIA incorrectly held that he did not qualify for derivative citizenship. When an individual seeks to derive citizenship by naturalization, the law in effect when the last material condition (naturalization, age, residence) is met is generally controlling. In Re Rodriguez-Tejedor, 23 I. & N. Dec. 153, 163 (BIA 2001). Under a former section of the Immigration and Nationality Act ("INA"), a child born outside of the United States of alien parents becomes a United States citizen upon the naturalization of the mother if: (1) the child was born out of wedlock and the paternity of the child has not been established by legitimation; (2) the naturalization takes place while the child is unmarried and under the age of 18; and (3) the child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent, or thereafter begins to reside permanently in the United States while under the age of 18. 8 U.S.C. § 1432 (1994) (repealed by the Child Citizenship Act of 2000, Pub. L. No. 106-395, § 103(a), 114 Stat. 1631, 1632). An applicant for naturalization is not a citizen until the applicant takes the prescribed oath of allegiance in an administrative ceremony or in a ceremony conducted by an appropriate court. 8 C.F.R. § 337.9(a).

Here, the BIA correctly determined that Benjamin did not qualify for derivative citizenship. Both parties agree that Benjamin was born in August 1979 and became a lawful resident in June 1989. According to the certificate attached to Benjamin's Blue Brief, his surviving parent, his mother, became a naturalized citizen on May 5, 1999, after Benjamin turned 18. Therefore, Benjamin did not meet the criteria for derivative citizenship under the former statute, 8 U.S.C. § 1432, which required him to be under the age of 18 when his mother took the oath of citizenship and was naturalized. See In Re Rodriguez-Tejedor, 23 I. & N. Dec. at 163; 8 U.S.C. § 1432 (1994); 8 C.F.R. § 337.9(a).

To the extent Benjamin claims he is entitled to citizenship because his mother submitted her application before he turned 18, we disagree. While the Child Status Protection Act ("CSPA") provides age-out protection for derivative child beneficiaries adversely affected by administrative delays in the adjudication of immigrant petitions, it does not mention applications for derivative citizenship through naturalization. See Tovar, 646 F.3d at 1304; 8 U.S.C. § 1151(f)(1); see generally 8 U.S.C. §§ 1151, 1154. Just as the BIA has held that the CSPA does not apply to cancellation of removal because it is not expressly listed in the statute, see Matter of Isidro-Zamorano, 25 I. & N. Dec. 829, 833 (BIA 2012), the BIA in this case reasonably determined that the CSPA does not freeze a child's age for purposes of parental applications for naturalization. See Tovar, 646 F.3d at 1303.

4

The BIA also correctly held that it was without authority to use equitable estoppel because no court has the power to confer citizenship in violation of the limitations set out by Congress.  See I.N.S. v. Pangilinan, 486 U.S. 875, 883-85 (1988). Accordingly, the BIA correctly determined that Benjamin did not qualify for derivative citizenship.[1]

We also find no merit to Benjamin's claim that the BIA incorrectly determined that he was removable for having been convicted of an aggravated felony offense.  Although we lack jurisdiction to review final orders of removal against aliens convicted of an aggravated felony, we have jurisdiction to review constitutional claims or questions of law, including whether a specific conviction constitutes an aggravated felony.  8 U.S.C. § 1252(a)(2)(C), (D).

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  The INA defines an aggravated felony as, among other things, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  The term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.).  18 U.S.C. §

---

[1]    As for Benjamin's argument that the BIA erred by not responding to his motion to terminate proceedings, the BIA expressly acknowledged the motion in its decision, and effectively denied that motion and any other pending motions when it dismissed the appeal and terminated his application.

924(c)(2).  Under the Controlled Substances Act, it is unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.  21 U.S.C. § 841(a)(1).  The Controlled Substances Act defines "distribute" as "deliver," and "deliver" means "the actual, constructive, or attempted transfer of a controlled substance."  Id. § 802(8), (11).  The Controlled Substances Act classifies cocaine as a controlled substance.  Id. § 812 (Schedule II(a)(4)).

To determine whether an alien's state court conviction constitutes an aggravated felony under the INA, we use the categorical or modified categorical approach.  Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1280 (11th Cir. 2013).  Under the categorical approach, we must confine our consideration only to the fact of conviction and the statutory definition of the offense, and ask only whether the state offense "necessarily involves facts equating the generic federal offense."  Id. (emphasis omitted).  We must determine whether the least of the acts criminalized by the state law would necessarily violate a federal statute.  Id. at 1281.

An alien who is deportable is eligible for cancellation of removal and adjustment of status, if the alien, in part, has not been convicted of any aggravated felony.  8 U.S.C. § 1229b(a)(3), (b)(1)(C).  An alien is permitted to voluntarily depart the United States if the alien is not deportable for being convicted of an aggravated felony.  Id. § 1229c(a), (b)(1)(C).  An alien is statutorily ineligible for

6

adjustment of status if he is inadmissible for having committed a controlled substance violation, and is not eligible for a waiver of this provision if the alien has been convicted of an aggravated felony. Id. § 1182(a)(2)(A)(i)(II), (h).

Here, the BIA correctly held that Benjamin's May 15, 2003 conviction for attempted criminal sale of cocaine was a categorical aggravated felony. Benjamin was convicted of attempted criminal sale of a controlled substance -- cocaine -- in the third degree in violation of New York law. N.Y. Penal Law §§110 and 220.39(1). Under New York law, a person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells a narcotic drug. N.Y. Penal Law § 220.39(1). A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime. N.Y. Penal Law § 110.00.

To determine whether Benjamin's New York conviction constitutes an aggravated felony under the INA, we use the categorical approach, which asks only whether the state offense necessarily involves facts equating to the generic federal offense. See Donawa, 735 F.3d at 1280. It appears that the least of the acts criminalized by N.Y. Penal Law §§ 110 and 220.39(1) -- the attempted sale of a controlled substance -- would necessarily violate 21 U.S.C. § 841(a)(1) -- the distribution of a controlled substance (which includes delivery or attempted transfer of a controlled substance). See 21 U.S.C. §§ 802(8), (11), 841(a)(1);

<u>Donawa</u>, 735 F.3d at 1281.  Therefore, even if Benjamin did no more than offer or attempt to sell cocaine, the state offense would be punishable as a federal felony, thus rendering it an aggravated felony.  <u>See</u> <u>Pascual</u>, 707 F.3d at 405.  Because Benjamin's conviction for sale of cocaine qualifies as an aggravated felony, he is subject to deportability.  8 U.S.C. § 1227(a)(2)(A)(iii).[2]

**PETITION DENIED.**

---

[2]     Benjamin also argues on appeal that the IJ erred by not advising him about his eligibility for relief.  However, the record shows that although Benjamin appeared <u>pro se</u> throughout the proceedings, the IJ provided Benjamin with two continuances in order allow him to find counsel.  The IJ also provided a third continuance so that Benjamin could review the additional removal charges lodged against him.  In any event, the AJ was not required under the INA to provide counsel nor required to inform Benjamin of defenses available to him.  <u>See</u> 8 U.S.C. §§ 1229a(b)(1), 1362.  Thus, we find no merit to Benjamin's argument.